■ In the Matter of BARBARA HOLLENBECK, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Tompkins County) to review a determination of the Department of Social Services reducing petitioner's public assistance grant. Petitioner received aid to families with dependent children on behalf of herself and her two minor children. In February, 1980, the children's father, Jeffrey Boynton, moved into the household. He was receiving unemployment insurance benefits at the time. On May 14, 1980, as part of petitioner's regularly scheduled recertification statement, she made known to the Tompkins County Department of Social Services, in writing, that Boynton had been living in her home since February. The agency thereupon advised it was reducing her grant to recoup overpayments made because she had failed to report the change in the composition of her household earlier. At the fair hearing which followed, petitioner raised only the issue of when she first notified the agency of Boynton's presence. She maintained that she had informed her caseworker, by telephone, on February 25, 1980, and offered testimony bolstering that account. In support of its position that petitioner willfully failed to report the father's presence until May, and hence received assistance payments to which she was unentitled, the local agency relied upon an affidavit of her caseworker categorically denying that he had been notified of Boynton's occupancy, and in which he also asserted that, being an experienced public assistance examiner, had he been so advised, he would have requested a written statement to that effect and would have documented any such conversation on petitioner's activity card. An agency representative testified that routine office policy required the recording of all phone calls affecting a client's eligibility on the client's activity card and that no such notation appeared on petitioner's card. The commissioner's affirmance of the local agency's decision provoked this proceeding, the gist of which is that the caseworker's affidavit was hearsay and, though admissible, hearsay itself cannot constitute substantial evidence (see *Matter of Roach v Toia,* 58 AD2d 652). It ill befits petitioner to advance this argument, since the record reveals that the caseworker was unavailable for cross-examination because he was on vacation and petitioner refused to consent to adjourn the hearing until he could be present. Furthermore, the hearsay was not only corroborated by evidence of the agency's policy respecting the registering of conversations with

clients concerning their eligibility, but petitioner admitted that, in the past, each time she orally reported Boynton's return to the household, the local agency decreased her benefits accordingly; yet despite this experience, on this occasion, after allegedly reporting Boynton's presence in February, her benefits, inexplicably, were not reduced. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.